UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GALVIN DUDLEY,

                    Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer HERMAN LAI, Shield No. 1897; Police Officer SALVATOR TRAMONTANA, Shield No. 02922; Sergeant EDWIN NUEZ, Shield No. 3792; Police Officer MICHAEL GENOVESE; Shield No. 31164; Police Officer JIAYA WANG, Shield No. 94; Police Officer CHLOE JIGGETTS, Shield No. 05666; Sergeant DONICE MOREAU, Shield No. 3598; Sergeant DANIEL HOULAHAN, Shield No. 821; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

15 CV 4820 (JG)(RML)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Galvin Dudley ("plaintiff" or "Mr. Dudley") is an African American male residing in Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Herman Lai, Shield No. 1897 ("Lai"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lai is sued in his individual and official capacities.

9. Defendant Police Officer Salvator Tramontana, Shield No. 02922 ("Tramontana"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tramontana is sued in his individual and official capacities.

10. Defendant Police Officer Michael Genovese, Shield No. 31164 ("Genovese"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Genovese is sued in his individual and official capacities.

11. Defendant Police Officer Jiayi Wang, Shield No. 914 ("Wang"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Wang is sued in her individual and official capacities.

12. Defendant Police Officer Chloe Jiggetts, Shield No. 05666 ("Jiggetts"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Jiggetts is sued in her individual and official capacities.

13. Defendant Sergeant Donice Moreau, Shield No. 3598 ("Moreau"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Moreau is sued in her individual and official capacities.

14. Defendant Sergeant Edwin Nuez, Shield No. 3792 ("Nuez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nuez is sued in his individual and official capacities.

15. Defendant Sergeant Daniel Houlahan, Shield No. 821 ("Houlahan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Houlahan is sued in his individual and official capacities.

16. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*November 21, 2012 Arrest*

19. At approximately 3:30 p.m. on November 21, 2012, Mr. Dudley was lawfully operating his vehicle in the vicinity of Sutter Avenue and Stone Avenue in Brooklyn, New York.

20. Mr. Dudley, with his two young children as backseat passengers, was on his way to pick-up his other child from school.

21. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants, including defendant officer Lai, ordered plaintiff to pull his vehicle over.

22. Mr. Dudley complied and respectfully asked defendants why he was stopped.

23. When plaintiff calmly advised defendants that he was on his way to pick-up his child from school, defendants ordered him out of his vehicle.

24. Defendants then brutalized him in front of his children.

25. As a result of defendants' assault, Mr. Dudley was taken in handcuffs from the scene to Brookdale Hospital for treatment of his injuries.

26. Following his treatment, Mr. Dudley was taken to a police precinct.

27. At the precinct defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit the felony crime of reckless endangerment in the first degree, obstructing governmental administration and resisting arrest.

28. At no point did defendants observe Mr. Dudley commit any crime or offense.

29. Plaintiff was eventually taken to Brooklyn Central Booking.

30. Mr. Dudley was arraigned in Kings County Criminal Court, where he was released on his own recognizance after approximately twenty-four hours in custody.

31. The criminal charges against Mr. Dudley were adjourned in contemplation of dismissal.

32. Defendant Lai also issued Mr. Dudley a summons on November 21, 2012, falsely accusing him of littering. Those charges were eventually adjourned in contemplation of dismissal.

*December 14, 2012 Arrest*

33. On December 14, 2012 plaintiff was lawfully parked and occupying his vehicle.

34. Defendants, including defendant Lai, aggressively approached Mr. Dudley and, without probable cause or reasonable suspicion to believe he had committed any crime or offense, ordered plaintiff out of his car.

35. Mr. Dudley complied, got out of his car and asked what was going on.

36. With that, defendants violently assaulted Mr. Dudley including by pulling his dreadlocks and beating him with closed fists.

37. Defendants tightly handcuffed Mr. Dudley and took him to a police precinct.

38. At the precinct defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit multiple crimes including criminal impersonation, obstructing governmental administration and resisting arrest.

39. At no point did defendants observe Mr. Dudley commit any crime or offense.

40. Plaintiff was eventually taken to Brooklyn Central Booking.

41. Mr. Dudley was arraigned in Kings County Criminal Court, where he was released on his own recognizance after approximately twenty-four hours in custody.

42. On July 22, 2014, the criminal charges against Mr. Dudley were adjourned in contemplation of dismissal.

43. Upon information and belief, following the above detailed arrests, Officer Lai engaged in a campaign of harassing, intimidating and discriminating against plaintiff, including by issuing, or causing to be issued, fabricated summonses against Mr. Dudley for which plaintiff never had notice.

44. Mr. Dudley was ultimately required to pay thousands of dollars in fines

to clear his license.

45. Upon information and belief, defendants took law enforcement action with regard to Mr. Dudley based solely on his actual and/or perceived color and/or race.

46. Mr. Dudley suffered damage as a result of defendants' actions. Mr. Dudley was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The individual defendants created false evidence against plaintiff.

58. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

59. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

64. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Bias-Based Profiling

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. In initiating law enforcement action against Mr. Dudley based on his actual and/or perceived race and/or color rather than Mr. Dudley's behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

67. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:    November 20, 2015
         New York, New York

                                          HARVIS & FETT LLP

                                          _____
                                          Baree N. Fett
                                          305 Broadway, 14th Floor
                                          New York, New York 10007
                                          (212) 323-6880
                                          bfett@civilrights.nyc

                                          *Attorneys for plaintiff*